# Busch *v.* Groswith, Appellant.

*Mortgage—Judgment—Bond—Execution—Fieri facias—Agreement.*

On the day after a default in the payment of interest upon a mortgage, without any prior notice to the mortgagor or the owner, the mortgagee entered up judgment on the bond accompanying the mortgage, and, notwithstanding the protest of the owner, demanded payment of the whole debt. Subsequently the owner paid a small amount on account of costs, principal and interest. He accepted a receipt therefor in which it was stipulated as follows: "No proceedings to be taken for sixty days on the said mortgage and no proceedings against said real estate to be taken on the judgment entered on the accompanying bond. Proceedings may be had, however, against the personal property of the mortgagor, and, in case the principal, interest and costs are not paid in full, proceedings to be had at the end of sixty days notwithstanding this payment." The debt not having been paid, a fi. fa. was issued after the expiration of the sixty days. *Held,* that the issuance of the fi. fa. was proper, and that it was not error to discharge a rule to set it aside.

Argued Jan. 25, 1894. Appeals, Nos. 65, 66, 67 and 68, July T., 1893, by defendant, Harry Groswith, from orders of C. P. No. 1, Phila. Co., Dec. T., 1892, Nos. 796, 797, 798 and 799, discharging rules to set aside fi. fas. in favor of plaintiff, Clarence Busch. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rules to set aside writs of fi. fa.

From the record it appeared that plaintiff held four mortgages for $500 each, executed by Harry Groswith on Jan. 1, 1892, payable in four years, with provision that in default of payment of interest for thirty days the whole principal to become due. On Feb. 2, 1893, the interest being unpaid, the mortgagee, without giving the mortgagor or the owner of the property any notice, entered up judgment upon the bonds accompanying the mortgages. Executions were issued against the mortgagor and his personal property levied upon. The owner immediately tendered the interest, but the mortgagee demanded that the whole principal debt should be paid. Subsequently the owner, The Real Estate Investment Co., paid two hundred dollars on account of interest, principal and cost, accepting the following receipt, signed by plaintiff's attorney:

" Received, Phila., Feb. 10, 1893, of the Real Estate Investment Co., the sum of two hundred dollars on account of costs, principal and interest in the matter of the second mortgage on 3701-3-5-7 Aspen street, Phila.   No proceedings to be taken for sixty days on the said mortgages, and no proceedings against said real estate to be taken on the judgment entered on the accompanying bonds.   Proceedings may be had, however, against the personal property of the mortgagor, and in case the principal, interest and costs are not paid in full proceedings to be had at the end of sixty days, notwithstanding this payment."

The principal not having been paid at the end of sixty days, an alias fi. fa. was issued to condemn the real estate.   A rule was then granted to set aside the alias fi. fa., etc., and depositions of the owner taken.   The depositions averred among other things that the debtor was prevented making the payment of the interest by the action of plaintiff's clerk in promising to inform the debtor of the amount of interest due.

The court after argument discharged the rule.

*Error assigned* was above order.

*John J. Ridgway,* for appellant, cited : The Warwick Iron Co. v. Morton, 148 Pa. 72 ; Daly v. Maitland, 88 Pa. 384 ; Lewis v. Germania Savings Bank, 96 Pa. 86.

*Howard J. Lukens,* for appellee, not heard.

PER CURIAM, February 12, 1894 :

The only error complained of is in discharging the rule to set aside the alias fieri facias issued on a judgment which appears to have been regularly entered on bond and warrant of attorney, and remains of record unopened and unsatisfied.   Whatever doubt, if any, may have existed, prior to February 10, 1893, as to the plaintiff's right to proceed upon the bond, was removed on that day, when the payment on account of costs, principal and interest was made.   In the receipt, then given by plaintiff's attorney, it is stipulated as follows : " No proceedings to be taken for sixty days on the said mortgages and no proceedings against said real estate to be taken on the judgment entered on the accompanying bonds.   Proceedings may be had, however, against

the personal property of the mortgagor, and, in case the principal, interest and costs are not paid in full, proceedings to be had at the end of sixty days, notwithstanding this payment." The alias fieri facias was not issued until April 22d following. There is nothing in the record to show that its issuance then was unwarranted or that anything has since occurred to change the situation; and hence there was no error in refusing to set it aside.

Judgment affirmed.